[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION IN LIMINE)
The State of Connecticut has filed a motion in limine requesting that it be allowed to introduce evidence of a similar sexual assault committed by the defendant against another minor child in 1989. On November 9, 1990, the defendant plead guilt to Risk of Injury to a Minor, C.G.S. § 53-21 and Sexual Assault in the Second Degree, C.G.S. § 53a-71. The State's purpose for admitting the evidence of the prior misconduct is to show a jury that the defendant acted in the present case with a common scheme or plan.
The defendant has objected to the State's motion in limine arguing that the past incident and the present pending charges of Risk of Injury to a Minor, C.G.S. § 53a-73a, and Sexual Assault Fourth Degree, C.G.S. § 53a-73a, do not constitute a common design or plan, and therefore, is inadmissible evidence of prior misconduct. The defendant further argues that the evidence should be excluded because its prejudicial impact clearly outweighs its probative value.
As a general rule, evidence of prior misconduct is inadmissible to prove that a criminal defendant is guilty of the crime of which the defendant is accused. State v. Kulmac, 230 Conn. 43, 60 (1994); State v.Falby, 187 Conn. 6, 23 (1982). Such evidence cannot be used to suggest that the defendant has a bad character or a propensity for criminal behavior. State v. Brown, 199 Conn. 47, 56 (1986). "On the other hand, evidence of crimes so connected with the principal crime by circumstance, motive, design, or innate peculiarity, that the commission CT Page 1830-aa of the collateral crime tends directly to prove the commission of the principal crime, is admissible. The rules of policy have no application whatever to evidence of any crime which directly tends to prove that the accused is guilty of the specific offense for which he is on trial."State v. Esposito, 192 Conn. 166, 169 (1984); State v. Morowitz,200 Conn. 440, 442 (1986).
A two-part test has been developed to determine the admissibility of such evidence. "First, the evidence must be relevant and material to at least one of the circumstances encompassed by the exceptions. . . .Second, the probative value of the evidence must outweigh its prejudicial effect." State v. Kulmac, supra, 230 Conn. 61; State v.Mandrell, 199 Conn. 146, 151 (1986).
The court has extensively reviewed the decisions in State v. Kulmac,230 Conn. 43 (1994); State v. Esposito, 192 Conn. 166 (1984); State v.Morowitz, 200 Conn. 440 (1986); State v. Figerua, 235 Conn. 145 (1995); and State v. Walsh, 52 Conn. App. 708, 249 Conn. 911 (1999). In addition, the court has listened to the oral argument of counsel, and has reviewed their respective memoranda of law. Lastly, the court has reviewed the factual allegations of the prior case, for which the defendant was convicted and the factual allegations in the present case.
The court finds that the similarities between the prior case and the present case as to the defendant's conduct and present alleged conduct are, as the State argues, "striking." The court further finds that the evidence of the prior misconduct is probative to a common design or plan to use his position as a stepfather and a babysitter to assault young children. It is relevant and material.
The court further agrees with the State's position that the evidence is clearly more probative than prejudicial. The assaults took place approximately seven years apart and are not too remote in time.
If the matter proceeds to trial, the defendant may ask the court for a curative instruction to the jury concerning the limited use of this evidence to lessen any prejudice to the defendant. The court also, in its discretion, without request from the defendant, may wish to give a curative jury charge on its own initiative.
Accordingly, the motion in limine is granted, thus, allowing the admission of evidence concerning the defendant's 1990 conviction for Risk of Injury to a Minor and Sexual Assault in the Second Degree. CT Page 1830-ab
The Court
By
Arnold, J.